UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
---------------------------------------------------------------------------X
ALFONSO VIDAL, individually and on behalf of all others similarly situated,

                                      Plaintiff,

-against-

PATERSON CAR EMPORIUM LLC and EFI KLIETMAN,

                                      Defendants.
---------------------------------------------------------------------------X

Civil Action No.

COMPLAINT

Plaintiff Alfonso Vidal ("Vidal" or "Plaintiff"), individually and on behalf of all others similarly situated, by his attorneys, Katz Melinger PLLC, complaining of the defendants, Paterson Car Emporium LLC ("PCE") and Efi Klietman ("Klietman") (collectively, "Defendants"), respectfully alleges as follows:

**I. Nature of Action, Jurisdiction, and Venue**

1. This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA"), the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56(a) *et seq*., and the New Jersey Wage Payment Act, N.J.S.A. 34:11-4.1, *et seq.*

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

3. This Court has supplemental jurisdiction over the claims arising under the New Jersey Wage and Hour Law, and the New Jersey Wage Payment Act pursuant to 28 U.S.C. § 1367, in that the state law claims are so closely related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## II. Parties

5. During the relevant period, Plaintiff resided in the state of New Jersey. However, Plaintiff currently resides in the state of Massachusetts.

6. At all relevant times, Plaintiff was employed by Defendants as defined by 29 U.S.C. § 203(e), N.J.S.A. 34:11-56a1(h), and N.J.S.A. 34:11-4.1(b).

7. PCE is a domestic limited liability company with its principal place of business located at 9 Hill Street, Paterson, New Jersey 07502.

8. Klietman is an individual residing, upon information and belief, in the state of New Jersey.

9. At all relevant times, Klietman was, and still is, an officer, director, shareholder and/or person in control of PCE.

10. At all relevant times, Klietman was, and still is, a senior management level employee of PCE, who exercised significant control over the company's operations; had the authority to hire, fire, and discipline employees; set employees' work schedules and conditions of employment; determine the rate and method of payment for employees; and maintain employees' employment records.

11. Upon information and belief, Defendants' revenues are in excess of the minimum required to fall within the jurisdiction of the FLSA.

12. Defendants operate in interstate commerce.

13. Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

14. The First Cause of Action in this Complaint, which arises out of the FLSA, is brought by Plaintiff on behalf of himself and similarly situated persons who were employed since the date three (3) years prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

15. The FLSA Collective Plaintiffs consist of no less than seventeen (17) similarly situated current and former mechanics, painters, and car assemblymen employed by Defendants, who work or worked in excess of forty (40) hours per week and are victims of Defendants' common policies and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime compensation.

16. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, failing to pay employees the applicable overtime rates for all hours worked in excess of forty (40) per week.

17. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

18. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective Plaintiffs.

19. The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and locatable

through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

### IV. Factual Allegations

20. Defendants employed Plaintiff as a mechanic and assemblyman from in or around March 2016 until on or around March 7, 2019.

21. As a mechanic and assemblyman, Plaintiff's principal job responsibilities included, *inter alia*, assembling and disassembling cars; repairing cars as requested by Defendants' customers or as instructed by Klietman; closing Defendants' workshop; and driving Defendants' cars back into the workshop.

22. From in or around March 2016 until on or around March 7, 2019, Plaintiff worked Mondays through Fridays from approximately 7:30 a.m. to between 8:00 p.m. and 10:00 p.m., and Sundays from approximately 8:00 a.m. to between 4:00 p.m. and 5:00 p.m., with a daily one (1) hour meal break, for an average of seventy (70) hours worked per week

23. Throughout Plaintiff's employment, Defendants compensated Plaintiff at a fixed rate of $850.00 per week, regardless of the number of hours Plaintiff worked per week.

24. Throughout Plaintiff's employment with Defendants, Defendants compensated Plaintiff entirely in cash.

25. Plaintiff and the FLSA Collective Plaintiffs regularly worked more than forty (40) hours per week during their employment with Defendants.

26. However, Defendants failed to compensate Plaintiff and the FLSA Collective Plaintiffs at their proper overtime rates of one and one-half times their regular hourly rates of pay for all hours worked in excess of forty (40) per week.

27. Instead, Defendants compensated Plaintiff and the FLSA Collective Plaintiffs at a fixed weekly rate and failed to compensate Plaintiff and the FLSA Collective Plaintiffs with overtime wages for all hours worked in excess of forty (40) hours per week.

28. Neither Plaintiff nor the FLSA Collective Plaintiffs supervised any employees, nor were they employed in executive, professional, or administrative capacities.

29. As a result, Plaintiff and the FLSA Collective Plaintiffs were non-exempt employees under the FLSA and the New Jersey Wage and Hour Law.

30. Defendants' refusal to pay Plaintiff and the FLSA Collective Plaintiffs all wages owed to them is an intentional and willful violation of the FLSA and New Jersey's wage laws.

31. Plaintiff and the FLSA Collective Plaintiffs sustained damages from the acts and omissions described herein.

**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS**
*(Overtime Violations under the Fair Labor Standards Act)*

32. Plaintiff, individually and on behalf of the FLSA Collective Plaintiffs, repeats and realleges all prior allegations set forth above.

33. Pursuant to the applicable provisions of the FLSA, Plaintiff and the FLSA Collective Plaintiffs were entitled to overtime compensation of one and one-half times their regular hourly rate for all hours worked in excess of forty (40) per week.

34. Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

35. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs overtime wages of one and one-half times their regular rate for each hour worked in excess of forty (40) in a week.

36. As a result of Defendants' violations of the law and failure to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime wages, Plaintiff and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

37. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff and the FLSA Collective Plaintiffs are entitled to liquidated damages.

38. Judgment should be entered in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
*(Overtime Violations under the New Jersey Wage and Hour Law)*

39. Plaintiff repeats and realleges all prior allegations set forth above.

40. Pursuant to the applicable provisions of N.J.S.A. 34:11-56a(4), Plaintiff was entitled to an overtime wage of one and one-half times his regular hourly rate for all hours worked in excess of forty (40) per week.

41. Plaintiff regularly worked in excess of forty (40) hours per week during his employment with Defendants.

42. Throughout the relevant period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half times his regular rate of pay for each hour worked in excess of forty (40) per week.

43. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with reasonable attorneys' fees, interest, and costs.

44. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

45. Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of Plaintiff's unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
*(Unlawful Deductions from Wages in Violation of New Jersey Wage Payment Law)*

46. Plaintiff repeats and realleges all prior allegations set forth above.

47. Pursuant to the provisions of N.J.S.A. 34:11-4.4, employers are prohibited from making any deductions from the wages of an employee, except in limited circumstances.

48. During the relevant period, Defendants made unlawful deductions from Plaintiff's wages for various reasons, including Defendants' disapproval of the way Plaintiff performed his job; Defendants' allegation that Plaintiff "made a mistake" when performing his duties; and to reimburse Defendants for the expenses incurred in repairing an electric door, which was accidentally damaged by another employee.

49. Defendants' deductions of Plaintiff's wages violated N.J.S.A. 34:11-4.4.

50. Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action in the amount of Plaintiff's unlawfully deducted wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
*(Failure to Timely Pay Wages in Violation of New Jersey Wage Payment Law)*

51. Plaintiff repeats and realleges all prior allegations.

52. At all relevant times, Defendants failed to pay Plaintiff the full amount of wages due to him at least twice during each calendar month, on regular paydays designated in advance, in violation of N.J.S.A. 34:11-4.2.

53. Defendants failed to pay Plaintiff all wages due to him not later than the regular payday for the pay period in which he was terminated, in violation of N.J.S.A. 34:11-4.3.

54. As a result of Defendants' violations of the law and failure to pay Plaintiff all wages due, including overtime wages and unlawfully deducted wages, Plaintiff has been damaged and is entitled to recover from Defendants all unpaid wages, along with interest and costs.

55. Judgment should be entered in favor of Plaintiff and against Defendants on the Fourth Cause of Action for all unpaid wages, interest, costs, and such other legal and equitable relief as this Court deems just and proper.

**WHEREFORE**, Plaintiff prays for relief as follows:

a) on the First Cause of Action on behalf of Plaintiff and the FLSA Collective Plaintiffs for all overtime wages due, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

a) on the Second Cause of Action for all unpaid overtime wages due to Plaintiff, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Third Cause of Action for all unlawfully deducted wages, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Fourth Cause of Action for all unpaid wages due to Plaintiff, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

d) interest;

e) costs and disbursements; and

f) such other and further relief as is just and proper.

Dated: New York, New York
May 20, 2019

                                       */s/ Nicole Grunfeld*_____
                                       Nicole Grunfeld
                                       KATZ MELINGER PLLC
                                       280 Madison Avenue, Suite 600
                                       New York, New York 10016
                                       (212) 460-0047
                                       ndgrunfeld@katzmelinger.com
                                       *Attorneys for Plaintiff and the FLSA*
                                       *Collective Plaintiffs*