## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALFONSO VIDAL, individually and on behalf of all others similarly situated<br><br>*Plaintiff,*<br><br>v.<br><br>PATERSON CAR EMPORIUM LLC and EFI KLIETMEN,<br><br>*Defendants.* | Civil No. 19-cv-12711 (KSH) (CLW)<br><br>**ORDER** |

**THIS MATTER** comes before the Court on the joint motion (D.E. 38) filed by plaintiff Alfonso Vidal ("Vidal") and defendants Paterson Car Emporium LLC ("PCE") and EFI Klietmen ("Klietmen," together with "PCE," "defendants") for approval of a proposed settlement agreement, which resolves Vidal's claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et. seq.*, the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a *et seq.*, and the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. 34:11-4.1 *et seq.* (*See* D.E. 1.) Essentially, the resolution they have reached requires defendants to pay a total of $8,000 allocated $2,171.06 to attorneys' fees, $1,486.60 to costs, and the balance of $4,342.14 payable to Vidal. The operative documents for the Court's decision are the settlement agreement (D.E. 38-4, Settlement Agmt.) and an accompanying joint letter (D.E. 38-3, Joint Ltr.) setting forth legal authority and the parties' description of the terms and representations about how they were reached.

The Court may approve an FLSA settlement if the compromise reached is "fair and reasonable to the employee" and does not "otherwise frustrate[] the implementation of the FLSA," *Morales v. Unique Beginning Caterers Ltd. Liab. Co.*, 2021 WL 5864061, at *1 (D.N.J. Dec. 10, 2021) (O'Hearn, J.). To determine whether a settlement is "fair and reasonable," the Court must consider a number of factors, known as the *Girsh* factors, which include: (i) the "complexity,

1

expense and likely duration of the litigation"; (ii) the "stage of the proceedings," including the amount of discovery conducted; (iii) the "risks" of establishing liability and damages; and (iv) the "range of reasonableness of the settlement." *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975).[1] Here, the parties represent that they settled after engaging in extensive negotiations and formal discovery, including depositions, which gave them an opportunity to assess the strengths and weaknesses of Vidal's claims and the risks associated with proceeding to trial. Their joint letter also describes defendants' "poor financial condition," which would impact their ability to pay a judgment in Vidal's favor. (*See* Joint Ltr. at 2-3.)

In addition to describing the process, the joint letter argues that the parties' settlement agreement meets the requirement that a settlement not "frustrate[] the implementation of the FLSA," *Morales*, 2021 WL 5864061, at *1. Recognizing that this is a single plaintiff and not a class, and that the payment is modest, the Court nonetheless may not rubberstamp language that frustrates that requirement. In this regard, how certain settlement terms are described in the joint letter and what they say in the settlement agreement to be signed by Vidal causes concern. For example, the joint letter argues that the confidentiality provision "does not prohibit [Vidal] or others from discussing the underlying facts or the terms of settlement with other employees of [d]efendants" (Joint Ltr. at 3). But in Section 17(a) of the settlement agreement appears the prohibition that the parties are "barred from disclosing the terms of this Agreement, or discussing the terms of this Agreement with anyone except their immediate family members, financial advisors and attorneys." Similarly, while the joint letter claims that the "release clause is limited in scope, as [Vidal] is only releasing claims related to this action" (Joint Ltr. at 3), the settlement agreement requires him to release "any and all claims arising under the Fair Labor Standards Act;

---

[1] *Girsch* also enumerates factors to consider when approving class settlements, which are not applicable here.

the New Jersey State Labor Law; or the New Jersey wage and wage hour laws; whether known or unknown, as of the date of execution of this Agreement." (Settlement Agmt. § 4).

In light of the foregoing, it is on this 26th day of May, 2022

**ORDERED** that the parties' joint motion (D.E. 38) for settlement approval is **DENIED**; and it is further

**ORDERED** that counsel appear on the record on June 9, 2022 at 11:00 a.m. to clarify the provisions referenced in this order to ensure full compliance with the FLSA. Alternatively, counsel may request permission by no later than June 2, 2022 to submit a settlement agreement with appropriately-tailored provisions.

/s/Katharine S. Hayden
Hon. Katharine S. Hayden.
United States District Judge
